## QUONG MOW v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 7, 1926.)

No. 4757.

Poisons ⬡⟩9.

   Evidence *held* insufficient to sustain conviction of defendant as party to illegal possession, concealment, and sale of opium.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Criminal prosecution by the United States against Quong Mow. Judgment of conviction, and defendant brings error. Reversed and remanded.

James M. Hanley, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error, together with Dong Ho, was convicted and sentenced to imprisonment for five years under an indictment charging him with possession of opium and concealing, buying and selling the same. He made no request for an instructed verdict of acquittal, but it

is so urgently insisted that the evidence was insufficient to sustain the judgment against him that we have given the record a careful consideration. We think the contention is well founded. The officers arrested Dong Ho, a woman, while she was in the actual operation of a shack used as an opium den. They thereafter searched nearby premises in which she lived, and there they found and seized opium which she was trying to conceal. After they had been upon the premises about 20 minutes, the plaintiff in error entered the same by means of a key which he had, and he was also arrested. The officers, on learning that he had rooms three-quarters of a block away, went and searched the same, and found there no opium, but found two boxes containing money.

The theory of the government was that the two defendants were man and wife, and that the plaintiff in error must have had knowledge of and participation in the wife's activities in selling and concealing opium. He testified that Dong Ho was not his wife, and the arresting officer testified that, when Quong Mow entered Dong Ho's dwelling and was asked if she was his wife, he answered in the negative. It is true that the officer afterwards testified that he "believed" that the plaintiff in error admitted that Dong Ho was his wife, but there was no positive testimony to that effect. Aside from the facts already alluded to, and the fact that the plaintiff in error had a key to the premises where Dong Ho resided, and that she had keys which fitted the strong boxes found on his premises, there was no evidence to connect him with the offense charged. He had no key to the shack which was used as an opium den, and he is not shown to have had knowledge of Dong Ho's possession of opium or her selling the same.

As tending to prove his guilt, counsel for the government point to the fact that he falsely explained his entrance into the house occupied by Dong Ho by saying that he had heard from Chinese in Chinatown that a raid was being conducted at Dong Ho's place, and that he, being a clansman of her husband, had gone to her assistance; and it is argued that he could not have received such news, because no one could have escaped from the shack, or from Dong Ho's dwelling, to carry the news of the raid. To us it seems extremely improbable that the raid upon the shack, and the arrest of Dong Ho, and the entrance into her premises by the officers, were not almost instantly known throughout all Chinatown, or that it was necessary that any one should have escaped from Dong Ho's premises to

spread the news. The arrest was made in broad daylight, and all experience points to the probability that the presence of officers on the premises on which the shack was situated was immediately discovered by the neighboring Chinese. While the circumstances relied upon to establish the guilt of the plaintiff in error raise a strong suspicion of his connection with Dong Ho's transactions in opium, they are not, we think, inconsistent with his innocence.

The judgment is reversed, and the cause is remanded for a new trial.